I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD IN THIS ACTION ON THIS DATE

DATE: 3/23/01

DEPUTY CLERK

ENTERED MAR 26 2001 CLERK U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA SANTA ANA OFFICE DEPUTY

FILED MAR 23 2001 CLERK, U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA SOUTHERN DIVISION BY DEPUTY

RECEIVED MAR 30 2001 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY Deputy Clerk

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE FOCUS MEDIA, INC., ) | SA CV 00-1101 AHS |
| ) Debtors. ) | |
| _____ ) | ORDER ON DENIAL OF LEAVE TO APPEAL BANKRUPTCY COURT'S |
| FOCUS MEDIA, INC., ) | ORDER APPOINTING INTERIM TRUSTEE |
| ) Appellant, ) | LA 00-38197 KM |
| v. ) | |
| SEARS, ROEBUCK & CO., et al., ) | |
| ) Appellees. ) | |

— Docketed
— Copies / NTC Sent
— JS - 5 / JS - 6
— JS - 2 / JS - 3
— CLSD

I.

PROCEDURAL BACKGROUND

On November 9, 2000, Debtor/Appellant Focus Media, Inc., filed a Notice of Appeal of the Bankruptcy Court's October 27, 2000 order appointing an interim trustee pursuant. On December 29, 2000, appellant filed its Opening Brief and Appendix with exhibits. Hearing on the matter was set on the Court's March 26, 2001 hearing calendar. On January 16, 2001, appellees National Broadcasting Co., Inc., American Broadcasting Co., Inc., and Paxson Communications, Inc., filed their Appellees' Brief;

Also on January 16, 2001, appellee Sears, Roebuck & Company filed its Appellee's Brief and Appendix with a Request for Judicial Notice. Appellant filed a Reply Brief on February 5, 2001, with a Request for Judicial Notice.

The Court finds the matter appropriate for submission on the papers without oral argument. See Local Rule 7.11 (the Court may dispense with oral argument on any matter unless otherwise required); Fed. R. Civ. P. 78. The matter is therefore removed from the Court's March 26, 2001 hearing calendar.

Based on the arguments and authorities presented by the parties and the Court's own independent research, the Court finds the Bankruptcy Court's October 27, 2000 order a non-appealable interlocutory order and denies appellant's motion for leave to appeal.

II.

DISCUSSION

Appellant appeals only the Bankruptcy Court's October 27, 2000 order appointing an interim trustee. Notice of Appeal at 2:1-11; Appellant's Br. at 4; Appellant's Ex. 7. Appellant does not appeal the Bankruptcy Court's separate order lifting the automatic stay of the state-court preliminary injunction in favor of appellee Sears, also issued on October 27, 2000. Appellant's Ex. 8.

Under 11 U.S.C. § 158(a)(1), the Court has jurisdiction to hear appeals from final judgments, orders, or decrees from bankruptcy courts. Orders that "may determine and seriously affect substantive rights and cause irreparable harm to the losing party if it had to wait to the end of the bankruptcy case

2

are immediately appealable," even if otherwise interlocutory in nature. In re 405 N. Bedford Dr. Corp., 778 F.2d 1374, 1377 (9th Cir. 1985) (internal quotations omitted); but see In re Landmark Hotel & Casino, Inc., 872 F.2d 857, 861 (9th Cir. 1989) (finding that irreparable harm does not create "an exception to the requirement of finality; instead [there is] merely . . . the possibility of irreparable harm influenc[ing] and inform[ing] the rules governing finality").

Although the Ninth Circuit has not ruled directly on the appealability of orders appointing interim trustees in Chapter 7 proceedings, the Ninth Circuit has indicated that such interim orders are not appealable due to their lack of finality on a discrete issue. See, e.g., In re Landmark Hotel & Casino, Inc., 872 F.2d at 860 (citing with approval In re Klein, 70 B.R. 378, 389 (N.D. Ill. 1987) (finding non-appealable an appointment of interim trustee)). Cases cited by appellant to the contrary are cases in which the primary issue was appealability of an order appointing a permanent trustee or the Chapter 11 equivalent where Chapter 11 does not provide for appointment of an interim trustee. See In re Martech USA, Inc., 188 B.R. 847, 849 (9th Cir. BAP 1995) (appeal of election of permanent trustee); In re Strowski, 96 B.R. 1007, 1008 (9th Cir. BAP 1989) (noting in dicta that even in an appeal of appointment of Ch. 11 trustee, "there may be an issue as to whether an order appointing a Chapter 11 trustee is an interlocutory order"); In re Oxborrow, 104 B.R. 356, 357 (E.D. Wash. 1989) (appeal of appointment of interim trustees as permanent trustees).

//

1 Applying the standards set forth in Bedford and
2 Landmark, the Court finds that the appointment of an interim
3 trustee itself did not determine or seriously affect appellant's
4 substantive rights or cause irreparable harm to appellant such
5 that the order is sufficiently final and not interlocutory. The
6 Bankruptcy Court appointed an interim trustee pursuant to 11
7 U.S.C. § 303(g). Appellant's Ex. 7 at 196. An appointment of an
8 interim trustee under section 303(g) "following an involuntary
9 petition but prior to entry of the order for relief [is] for the
10 purpose of taking possession of property of the estate or
11 operating any business if necessary to preserve the property of
12 the estate or to prevent loss to the estate." In the Matter of
13 Killian Constr. Co., Inc., 24 B.R. 848, 849 (D. Idaho 1982). The
14 October 27, 2000 order appointed an interim trustee "to take
15 possession of property under the control of the involuntary
16 debtor." Appellant's Ex. 7 at 196. Appointment of the interim
17 trustee, therefore, did not "finally determine [a] discreet [sic]
18 issue," but simply established a mechanism for controlling the
19 debtor's estate pending final resolution of the entire bankruptcy
20 action. In re 405 N. Bedford Dr. Corp., 778 F.2d at 1377.
21 The Court can grant leave to appeal an interlocutory
22 order of a bankruptcy court under 11 U.S.C. 158(a)(3), and
23 consider a timely notice of appeal to be a motion for leave to
24 appeal under Fed. R. Bankr. P. 8003(c). The Court should grant
25 appellant leave to appeal if the appeal "involves a controlling
26 question of law as to which there is substantial ground for
27 difference of opinion and . . . an immediate appeal may
28 //

4

1  materially advance the ultimate termination of the litigation."
2  In re Roderick Timber Co., 185 B.R. 601, 604 (9th Cir. BAP 1995).
3       Even assuming this appeal involves a controlling
4  question of law, appellant has not addressed, much less shown,
5  that there exists a substantial ground for difference of opinion
6  on the controlling question of law, or that immediate appeal will
7  materially advance the ultimate termination of the litigation.
8  The Court finds no basis in the record for concluding that
9  hearing appellant's appeal of the interim trustee order will
10 materially advance resolution of the bankruptcy proceeding.

## III.

### CONCLUSION

The Court finds the October 27, 2000 order of the Bankruptcy Court non-appealable, and denies appellant's motion for leave to appeal the order. The Court this day has signed and filed the Clerk's Form CV-70, "Order Referring Bankruptcy Matter to U.S. District Court," denying appellant leave to appeal. Inasmuch as the Court lacks jurisdiction over this appeal, the Court does not rule on the appellant's and appellees' requests for judicial notice.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve this order on counsel for all parties in this action and provide an advance copy by telecopier.

DATED: March 23, 2001.

ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



## FAX TRANSMISSION

**DATE:** March 23, 2001

**TO:** Irv M. Gross   (310) 277-7584        Sheri Bluebond  (310) 203-7199
Gregory A. Bray  (310) 556-5959

voice. (   )                    fax. (   )

**FROM:** Debra Beard, Courtroom Deputy

voice: (714) 338-4754

**TOTAL NUMBER OF PAGES TRANSMITTED (including this page):** 6

**REGARDING:** SA CV 00-1101-AHS:  In re Focus Media, Inc.

**WARNING:**
*This fax is intended only for the recipient(s) named above. If you receive this fax by mistake, please telephone us at the above voice number to let us know of the error If this fax contains privileged or otherwise legally protected information, disclosure of the information to anyone other than the named recipient(s) is not authorized, and you may not lawfully read, copy, or otherwise use this fax unless you are a named recipient or a named recipient's authorized representative.*